# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| Verna IP Holdings, LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>BLACKBERRY CORPORATION,<br><br>        Defendant. | Civil Action No.: 6:21-cv-01037-ADA<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S FIRST AMENDED COMPLAINT

## TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................ 1

II.    STATEMENT OF FACTS .................................................................................. 2

III.   MOTION TO DISMISS FOR IMPROPER VENUE ......................................... 6

     A.    Legal Standard ....................................................................................... 6

     B.    Argument ............................................................................................... 7

           1.    BlackBerry Does Not Reside in This District............................. 7

           2.    Verna Cannot Show That BlackBerry Has Infringed the '960 Patent in This District ................................................................. 7

IV.   MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ..................... 8

     A.    Legal Standard ....................................................................................... 8

     B.    Argument ............................................................................................... 9

           1.    Verna Fails to Sufficiently Plead Direct Infringement of the Asserted Patent................................................................. 10

           2.    Verna Fails to Plausibly Plead Indirect and Willful Infringement of the Asserted Patent..................................................................... 12

V.    CONCLUSION................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285
(W.D. Tex. May 12, 2014)............................................................................................12, 13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..........................................................................................................8, 9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)......................................................................................................8, 9, 12

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) ..............................................................................................14

*Chapterhouse, LLC v. Shopify, Inc.*,
No. 2:18-cv-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018)..................................9

*De La Vega v. Microsoft Corp.*,
No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020).........................12

*DSU Med. Corp. v. JMS Co., Ltd.*,
471 F.3d 1293 (Fed. Cir. 2006)............................................................................................12

*Fourco Glass Co. v. Transmirra Prod. Corp.*,
353 U.S. 222 (1957)..............................................................................................................7

*Fujitsu Ltd. v. Netgear Inc.*,
620 F.3d 1321 (Fed. Cir. 2010)............................................................................................13

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
136 S. Ct. 1923 (2016)........................................................................................................15

*In re ZTE (USA) Inc.*,
890 F.3d 1008 (Fed. Cir. 2018)..............................................................................................6

*Inhale, Inc. v. Gravitron, LLC*,
1:18-cv-762-LY, 2018 WL 7324886 (W.D. Tex. Dec. 10, 2018) ............................................9

*Iron Oak Techs., LLC v. Acer Am. Corp.*,
No. 6:17-cv-143-RP-JCM, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) .........................12

*Joao Control & Monitoring Sys., LLC v. Protect America, Inc.*,
No. 1:14-cv-134-LY, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015) .....................................9

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
   869 F.3d 1372 (Fed. Cir. 2017)..................................................................8

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
   843 F.3d 1315 (Fed. Cir. 2016)................................................................13

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   137 S. Ct. 1514 (2017)..............................................................................7

## STATUTES

28 U.S.C. § 1400(b) ..............................................................................7, 8

28 U.S.C. § 1406(a) .................................................................................6

## I.     INTRODUCTION

Venue in this district is not proper, and Verna fails to adequately plead any of its claims in its First Amended Complaint for Patent Infringement (Dkt. 14, "Amended Complaint"). BlackBerry thus moves under FED. R. CIV. P. 12(b)(3) to dismiss for improper venue and under FED. R. CIV. P. 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted.

The Western District of Texas is not a proper venue for the instant case because BlackBerry is not a resident of Texas, and BlackBerry has not committed any of the alleged acts of infringement in this district.  Venue is only proper if (1) BlackBerry is a resident in this district—which it is not; or (2) BlackBerry has committed acts of infringement and has a regular and established place of business in this district—but BlackBerry has not committed any such alleged acts in this district.[1]  Verna accuses BlackBerry of infringement based on the use of a combination of BlackBerry's AtHoc crisis management system with third-party Eaton Corporation's public announcement system, referred to as the Eaton WAVES Giant Voice System.  But the only such installation is with the United States Air Force in California, and specifically the 146th Airlift Wing of the California Air National Guard at the Channel Islands Air National Guard Station in California.  Thus, venue is not proper in the Western District of Texas, and the Court should dismiss pursuant to Rule 12(b)(3).

Verna's Amended Complaint also fails to plausibly plead any claim of direct infringement. While Verna's Amended Complaint includes claim charts purporting to address all elements of the only independent claim of the asserted patent, those charts conspicuously fail to address key

---

[1] BlackBerry does have an office in the Western District, as noted in Verna's Amended Complaint, but because BlackBerry has not committed any alleged acts of infringement in this district, the question of whether BlackBerry has a regular and established place of business here is not relevant to the analysis.

elements that require "an activity detected at a premises utilizing at least one sensor via a monitoring system also located at the premises."   And Verna's other direct-infringement allegations are merely conclusory.  Verna thus fails to provide any plausible theory for how these elements are met.

Verna's claims of induced, contributory, and willful infringement are even less supported, as they are merely conclusory allegations without reference to any facts or even to all of the required elements of these claims.  Verna's induced and contributory infringement claims are deficient because Verna fails to plead the existence of essential elements of these claims—even failing to plead facts plausibly indicating direct infringement by a third party.  Finally, Verna's claim that it is entitled to treble damages for willful infringement finds no support in the Amended Complaint; it is requested in the Prayer for Relief but is not accompanied by *any* allegations at all. Verna's bare bones allegations do not satisfy the pleading requirement of *Twombly* & *Iqbal* and thus fail to state a claim for direct, indirect, or willful infringement.  BlackBerry respectfully requests that the Court dismiss the Amended Complaint in its entirety pursuant to FED. R. CIV. P. 12(b)(6).

## II.    STATEMENT OF FACTS

Verna filed its Original Complaint for Patent Infringement in this district.  Dkt. 1. Blackberry filed a Motion to Dismiss.  Dkt. 8.  Verna then filed a First Amended Complaint for Patent Infringement.  Dkt. 14.  Verna's Amended Complaint is substantially the same as its Original Complaint, with two substantive changes: (1) it added conclusory allegations of infringement that are riddled with typos, do not appear to resolve any of the deficiencies identified in Blackberry's motion to dismiss, and contradict Verna's own claim charts in the Amended

Complaint;[2] and (2) it no longer alleges that "Blackberry has known of the '960 patent and the technology underlying it from at least the date of issuance of the patent[]" and instead alleges that "Blackberry has known of the '960 patent and the technology underlying it from at least the date of the filing of the lawsuit."  *Compare* Dkt. 1. *with* Dkt. 14.

Verna's Amended Complaint includes a conclusory allegation that venue is proper in the Western District of Texas because BlackBerry "has committed acts of infringement and has a regular and established place of business in this Judicial District."  Amended Complaint ¶ 5. Beyond conclusory allegations in Paragraphs 2 and 5 of the Amended Complaint, Verna does not plead any facts that would support venue in the Western District of Texas.  *See id.*  As discussed in more detail below, to the extent there is any alleged infringement, it does not take place in this district.

Verna's Amended Complaint accuses BlackBerry of directly, indirectly, and willfully infringing U.S. Patent No. 10,282,960 ("the '960 Patent" or "Asserted Patent").  Verna contends that "BlackBerry maintains, operates, and administers devices/products and systems that infringe one or more claims of the '960 Patent, including one or more of claims 1–17, literally or under the doctrine of equivalents."  Amended Complaint ¶ 8.

The '960 Patent has only a single independent claim—Claim 1—which claims a "method for automatically providing instant voice alerts to remote electronic devices."  Dkt. 14-1 at 35. Among other things, Claim 1 of the '960 Patent requires the step of:

> generating and converting a text message ***indicative of an activity*** into a data file to be rendered on a remote electronic device as a digitized voice alert, wherein ***said activity***

---

[2] The additional allegations state: "To be clear, Blackberry dirtectly [sic] infringes one or more of claims 1-17 of the '960 patent, as provided herein.  The Blackberyy [sic] products further have no noninfringin [sic] uses.  Further, Blackberry's products are a material part of the claimed invention as they are the cmplete [sic] inventon [sic]."  Dkt. 14 at ¶ p. 12.

> ***comprises an activity detected at a premises utilizing <u>at least one sensor</u> via <u>a monitoring system also located at the premises</u>*** and connected to a packetized data network[] . . . .

*Id.* (emphasis added).  Verna's Amended Complaint fails to identify any sensors or monitoring system, let alone any such elements arranged and operating to detect an activity as required by the this claimed step.

The substance of Verna's infringement allegations against BlackBerry are contained in two claim charts embedded in the Amended Complaint following Paragraph 8.  Amended Complaint ¶ 8.  These charts purport to cite to portions of two BlackBerry documents (with each chart corresponding to a separate document), but the hyperlinks included in the Amended Complaint are dead links that do not lead to any documents available on the Internet.

Based on the text and images included in these two charts, Verna appears to allege infringement based on the use of a combination of BlackBerry's AtHoc system with a third-party public announcement system provided by Eaton Corporation, referred to in the cites as the Eaton WAVES Giant Voice System.  *Id.* at p. 4.  Verna's allegations point to a testing capability ("a Giant Voice System test") in which a system administrator can enter "text to be read by the text-to-speech." *Id.* at p. 5.  The system administrator also appears to be able to provide email addresses that will receive an email with the text that was input by the administrator.  *Id.* ("In the Target Users section" select "Email-Personal"; "To verify that the alert was published correctly, observe the receipt of . . . email messages on the POC workstation.").  Verna cites to this testing capability as allegedly infringing method Claim 1.  For the "generating and converting a text message indicative of an activity" step of Claim 1, Verna provides only the following text to explain how it alleges this step is met:

The reference describes generating and converting a text message indicative of an activity into a data file to be rendered on a remote electronic device as a digitized voice alert [Enter the text to be read by the text-to-speech in the Alert Body field], wherein said activity comprises an activity detected at a premises utilizing at least one sensor via a monitoring system also located at the premises and connected to a packetized data network [Email-Personal].

*Id.* at p. 6.

As can be seen in the above quote, for the claimed requirement that "said activity comprises an activity detected at a premises utilizing at least one sensor via a monitoring system also located at the premises," Verna refers to "Email-Personal," which is an apparent reference to the capability of a system administrator to specify target email recipients to receive a test alert.   Verna's Amended Complaint does not, in the charts or anywhere else, mention sensors or any premises with sensors and a monitoring system, other than in the direct quotes reciting the text of the claims. The text cited above in which Verna refers to "Email-Personal" appears to be the only portion of the allegations in which Verna even attempts to address the claimed requirement that "said activity comprises an activity detected at a premises utilizing at least one sensor via a monitoring system also located at the premises."

In text added in the Amended Complaint, Verna now also alleges that "Blackberry dirtectly [sic] infringes . . . the '960 patent," "Blackberyy [sic] products further have no noninfringin [sic] uses[,]" and "Blackberry's products are . . . the cmplete [sic] inventon [sic].  *Id.* at p. 12.  However, these allegations are conclusory.  Additionally, Verna's allegation that Blackberry's products are "the cmplete [sic] inventon [sic]" appears to contradict Verna's claim charts, which allege that use of the combination of BlackBerry's AtHoc system with the third-party public announcement system provided by Eaton Corporation infringes the '960 patent.

Verna's allegation that BlackBerry indirectly infringes the Asserted Patent consists of two nearly identical paragraphs, one alleging induced infringement and the other alleging contributory infringement.   *Id.* ¶¶ 10 (induced) & 11 (contributory).   The induced- and contributory-infringement paragraphs claim that "BlackBerry has known of the '960 patent and the technology underlying it from at least the date of the filing of this lawsuit." *Id.* And neither paragraph provides even an allegation that BlackBerry had pre-suit knowledge of the Asserted Patent. *See id.* Further, these paragraphs fail to address several key elements of each theory of infringement.  For example, there is no mention of the subjective intent element in the discussion of induced infringement (*id.* ¶ 10) and no mention of lack of substantial non-infringing uses in the discussion of contributory infringement (*id.* ¶ 11).

Verna's willful-infringement claim appears as a single sentence in the Prayer for Relief, requesting this Court "declare Defendant's infringement to be willful and treble the damages . . . pursuant to 35 U.S.C. § 284." *Id.* § V.e.  Yet, the Amended Complaint does not include any facts indicating that BlackBerry had pre-suit knowledge of the Asserted Patent or that BlackBerry engaged in egregious infringement conduct.

## III.  MOTION TO DISMISS FOR IMPROPER VENUE

### A.  Legal Standard

Under Rule 12(b)(3) of the Federal Rules of Civil Procedure, a party may move to dismiss an action on the basis of improper venue.  Once challenged, the burden of sustaining venue lies with the plaintiff.  *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).  Upon a finding that a case lays venue in the wrong division or district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

In patent cases, 28 U.S.C. § 1400(b) is the "sole and exclusive provision controlling venue in patent infringement actions" and is not supplemented by the general venue statutes. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017) (citing *Fourco Glass Co. v. Transmirra Prod. Corp.*, 353 U.S. 222, 229 (1957)). Pursuant to 28 U.S.C. § 1400(b), venue lies "in the judicial district where the defendant resides" or "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

**B.     Argument**

Venue is not proper in the Western District of Texas because (1) BlackBerry does not reside in this district; and (2) BlackBerry has not committed any of the alleged acts of infringement in this district. Verna thus cannot show that venue is proper under either prong of § 1400(b). *Id.* ("Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business").

**1.     BlackBerry Does Not Reside in This District**

A domestic corporate defendant, like BlackBerry, "resides" only in its state of incorporation. *TC Heartland*, 137 S. Ct. at 1521. Both now and at the time of this lawsuit's filing, BlackBerry is and was incorporated in Delaware. Ex. 1 (hereinafter "Pinero Decl.") ¶ 4. Accordingly, BlackBerry's residence does not provide a basis for venue in this district.

**2.     Verna Cannot Show That BlackBerry Has Infringed the '960 Patent in This District**

Verna's claims regarding the '960 Patent must be dismissed because Verna cannot establish that Blackberry has committed acts of infringement within this district. As discussed above, to lay venue over a defendant in a judicial district in which the defendant does not reside,

the defendant must have, *inter alia*, "committed acts of infringement" in that district.  28 U.S.C. § 1400(b).

Even if BlackBerry did infringe the '960 Patent in the manner Verna identifies in its Amended Complaint (which BlackBerry expressly denies), the alleged acts of infringement did not occur in this district.  *See* Amended Complaint ¶¶ 8–9.  Verna's Amended Complaint identifies the use of the combination of Blackberry's AtHoc system with the third-party Eaton WAVES Giant Voice System as infringing the '960 Patent.  *See id.*  However, Verna does not allege that BlackBerry has deployed that combination within this district or that it has been used in this district.  Nor can it.  In fact, the only such deployment is with the United States Air Force for use by the 146th Airlift Wing of the California Air National Guard at the Channel Islands Air National Guard Station in California.  Pinero Decl. ¶ 8.  Therefore, Verna cannot make the necessary showing that Blackberry has infringed in this district.  Accordingly, this is not a proper venue for Verna to litigate its claim regarding the '960 Patent, and BlackBerry respectfully requests the Court to dismiss this claim for improper venue.

## IV.    MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### A.    Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To satisfy this standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Additionally, a complaint must "place the alleged infringer on notice of what activity . . . is being accused of infringement."  *Lifetime Indus., Inc. v.*

*Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (internal citations and quotations omitted). This standard—the *Twombly/Iqbal* standard—applies to claims of direct, indirect, and willful infringement.  *See Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-cv-00300-JRG, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018) (dismissing direct infringement allegations for not meeting *Twombly/Iqbal* standard); *Joao Control & Monitoring Sys., LLC v. Protect America, Inc.*, No. 1:14-cv-134-LY, 2015 WL 3513151, at *3 (W.D. Tex. Mar. 24, 2015) ("[T]he general principles of *Twombly* and *Iqbal* must be applied to indirect infringement claims.") (internal citation omitted); *Inhale, Inc. v. Gravitron, LLC*, 1:18-cv-762-LY, 2018 WL 7324886, at *3 (W.D. Tex. Dec. 10, 2018) (applying *Twombly/Iqbal* standard to dismiss allegations of willful infringement).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

## B.    Argument

Verna's Amended Complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6), because its claims of direct, induced, contributory, and willful infringement do not satisfy the *Twombly/Iqbal* pleading standard.

The Amended Complaint alleges that the use of a system administrator testing interface for the combination of BlackBerry's AtHoc system with the third-party Eaton WAVES Giant Voice System infringes method Claim 1 of the Asserted Patent.  As discussed above, to support its allegations, Verna's Amended Complaint embeds claim charts that cite to materials purportedly available on the web (although the hyperlinks point to pages that are not existent).  *See* Amended Complaint ¶¶ 8–9.  In these charts, however, Verna fails to articulate any theory—let alone a plausible theory—for how any party could meet the claimed requirement that an "activity comprises an activity detected at a premises utilizing at least one sensor via a monitoring system

also located at the premises," as required by Claim 1.  Verna's other allegations of direct infringement are conclusory, contradict the claim charts, and therefore do not articulate a plausible theory of infringement.  Thus, the Amended Complaint does not plausibly explain how BlackBerry (or any other party) is alleged to directly infringe the Asserted Patent.  *See infra* Section IV.B.1.

The claims of induced, contributory, and willful infringement are also deficient because Verna fails to allege satisfaction of all essential elements of these claims.  *See infra* Section IV.B.2.a–c.

Because none of Verna's claims are adequately plead, the Court should dismiss the Amended Complaint in its entirety.

### 1. Verna Fails to Sufficiently Plead Direct Infringement of the Asserted Patent

Verna's Amended Complaint fails to plausibly allege that BlackBerry directly infringes the Asserted Patent as it fails to address key elements of the asserted claims.  Claim 1 of the '960 Patent requires the step of:

> generating and converting a text message ***indicative of an activity*** into a data file to be rendered on a remote electronic device as a digitized voice alert, wherein ***said activity comprises an activity detected at a premises utilizing at least one sensor via a monitoring system also located at the premises*** and connected to a packetized data network[] . . . .

Dkt. 14-1 at 35 (emphasis added).  Yet, Verna fails even to attempt to address the bolded elements of this claimed step with any plausible theory of infringement.  Verna does not allege the existence of any sensors or any monitoring system, let alone that there is activity detected at an on-premises sensor via an on-premises monitoring system.  In the claim charts in its Amended Complaint, Verna appears to point to an email recipient of a test alert for these elements:

The reference describes generating and converting a text message indicative of an activity into a data file to be rendered on a remote electronic device as a digitized voice alert [Enter the text to be read by the text-to-speech in the Alert Body field], wherein said activity comprises an activity detected at a premises utilizing at least one sensor via a monitoring system also located at the premises and connected to a packetized data network [Email-Personal].

Amended Complaint at p. 6.

As is readily apparent, Verna fails here to point to anything that could plausibly meet the requirement that "said activity comprises an activity detected at a premises utilizing at least one sensor via a monitoring system also located at the premises." The reference to "Email-Personal" is, at best, a reference to the capability of a system administrator to specify target email recipients to receive a test alert. For at least two reasons, this cannot be plausibly read to meet the required on-premises sensors or on-premises monitoring system, let alone an activity detected by those elements as required in Claim 1. First, an email recipient of a test alert cannot be plausibly alleged to be an on-premises sensor in an on-premises monitoring system. Second, pointing to an email recipient of a test alert is backwards from the timing required in the claim. The claims require that the on-premises sensor detect the activity, not that it be alerted to some activity after the fact.

None of Verna's other direct-infringement allegations address the on-premises sensors or monitoring system limitations. In its Amended Complaint, Verna alleges that "Blackberry dirtectly [sic] infringes . . . the '960 patent" and "Blackberry's products are . . . the cmplete [sic] invention." *Id.* at p. 12. However, these unsupported allegations are conclusory. Additionally, the allegation that "Blackberry's products are . . . the cmplete [sic] inventon [sic]" contradicts Verna's claim charts, which premise the alleged infringement on use of a combination of BlackBerry's AtHoc system with the third-party Eaton WAVES Giant Voice System. And even

if these allegations were not conclusory and did not contradict the claim charts, they still do not address the on-premises-sensor and monitoring-system limitations of Claim 1.

Put simply, Verna has failed to plead any plausible theory for how BlackBerry is alleged to have directly infringed, and thus, "either repleading or dismissal is necessary." *De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *5 (W.D. Tex. Feb. 11, 2020) (claims of direct infringement were deficient "[b]ecause the Original Complaints were completely silent *how* Microsoft and Google could have directly infringed claim 1 during testing") (emphasis added) (citing *Twombly*, 550 U.S. at 555). Accordingly, for at least this reason, Verna's Amended Complaint fails to sufficiently plead direct infringement of the Asserted Patent, and the Court should dismiss the Amended Complaint.

> **2.     Verna Fails to Plausibly Plead Indirect and Willful Infringement of the Asserted Patent**
>
> > **a.     The Induced Infringement Claim Should be Dismissed Because Verna Fails to Sufficiently Plead Required Elements**

Verna fails to state a claim of induced infringement because its Amended Complaint lacks sufficient facts to make Verna's allegations of induced infringement plausible. To assert a claim of induced infringement under 35 U.S.C. § 271(b), a Plaintiff must plead that the defendant "(1) had actual knowledge of the patent; (2) knowingly induced a third-party to infringe the patent; and (3) had specific intent to induce the patent infringement." *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, *No. W:13-CV-365,* 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014) (citing *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006)). However, the Amended Complaint fails to allege that BlackBerry knew that the actions of its customers constituted direct infringement or had the subjective intent to induce infringement—elements required to plausibly plead induced infringement. *See Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17-cv-143-RP-JCM, 2017 WL 9477677, at *6 (W.D. Tex. Nov. 28, 2017) (recommending dismissal of induced

infringement claim because plaintiff "did not provide, nor cite to, sufficient factual content" to state a plausible claim).

Further, a claim of induced infringement can stand only if there is direct infringement by a third-party. *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1331 (Fed. Cir. 2016). Verna's Amended Complaint fails to plead that there is any direct infringement by a third-party. In fact, as explained in Section IV.B.1, *supra*, Verna's Amended Complaint fails to state a claim of direct infringement by anyone—BlackBerry or its customers. Verna's claim of induced infringement consists of only the conclusory statements that BlackBerry "encouraged or instructed others . . . on how to use its products and services . . . such as to cause infringement." Amended Complaint ¶ 10. This amounts to little more than the conclusory allegation that "BlackBerry has and continues to induce infringement," *id.*, with no factual support for that conclusion. Accordingly, Verna has failed to plausibly state a claim of induced infringement.

> **b.      The Contributory Infringement Claim Should be Dismissed Because Verna Fails to Sufficiently Plead Required Elements**

Verna's allegation that BlackBerry contributorily infringes the Asserted Patent is similarly deficient. In fact, Verna's allegation of contributory infringement is nearly identical to its allegation of induced infringement. *Compare* Amended Complaint ¶ 10 (induced-infringement allegation), *with* Amended Complaint ¶ 11 (contributory-infringement allegation). To state a claim for contributory infringement under 35 U.S.C. § 271(c), a plaintiff must plead facts to show: "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention." *Affinity Labs*, 2014 WL 2892285, at *8 (citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)). To sufficiently plead a contributory-infringement claim, a plaintiff must do more than recite these elements and support them with mere conclusory

statements.  *See Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Verna's allegations with respect to the substantial non-infringing use and material part elements are deficient.  With respect to the substantial non-infringing use element, Verna alleges only that "[t]he Blackberyy [sic] products further have no noninfringin [sic] uses."  Amended Complaint ¶ 11.  This allegation does no more than recite that the substantial non-infringing use element is present in a conclusory fashion and therefore is deficient.  Verna's allegation with respect to the material-part element is similarly deficient.  Verna's only allegation with respect to this element states that "Blackberry's products are a material part of the claimed invention as they are the cmplete [sic] inventon [sic]."  *Id.*  This allegation is not only conclusory, but it also appears both internally contradictory (i.e., are the products a material part or are they the complete invention?) and to contradict Verna's claim charts, which premise infringement on use of a combination of BlackBerry's AtHoc system with third-party Eaton WAVES Giant Voice System. *See id.* ¶ 8.  Thus, Verna has done no more than recite, in conclusory fashion and with no supporting factual allegations, that Blackberry's products have no substantial non-infringing uses and are a material part of the claimed invention, which is insufficient to sustain a claim for contributory infringement.  *Bot M8*, 4 F.4th, at 1352.  Thus, Verna's contributory infringement claim is deficient and should be dismissed.

> ### c.  The Willful Infringement Claim Should be Dismissed Because Verna Fails to Plead Any Facts to Support the Claim

Verna's Amended Complaint does not contain any factual support for a claim of willful infringement.  In fact, willfulness is only mentioned in the Amended Complaint's Prayer for Relief, requesting that the Court "declare Defendant's infringement to be willful and treble the

damages . . . pursuant to 35 U.S.C. § 284." Amended Complaint § V.e. "To state a claim for willful infringement, a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks*, 2019 WL 3940952, at *3 (internal quotations omitted). And "a plaintiff should plead willfulness with sufficient articulation of the relevant facts." *Id.* Verna's Complaint does not articulate facts showing that ***any*** of the required elements of willful infringement are present. Verna has not pleaded that BlackBerry had pre-suit knowledge of the Asserted Patent. Verna also fails to plausibly plead that BlackBerry directly infringed the Asserted Patent, much less that BlackBerry knew its conduct constituted infringement of that patent. *See supra* Section IV.B.1. Therefore, its willful-infringement claim is deficient.

Additionally, enhanced damages for willful infringement "are not to be meted out in a typical infringement case but are instead designed as a 'punitive' or 'vindictive' sanction for ***egregious*** infringement behavior" such as behavior "characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016) (emphasis added). Nothing in Verna's Amended Complaint indicates that BlackBerry has infringed the Asserted Patent, much less done so egregiously. Verna's request for treble damages is baseless, and its inclusion is not justified by any factual assertions in the Amended Complaint. Accordingly, Verna's claim of willful infringement should be dismissed.

## V.    CONCLUSION

For the reasons set forth in this brief, venue is not proper in the Western District of Texas, and Verna's allegations of direct, indirect, and willful infringement of the Asserted Patent are

insufficient under FED. R. CIV. P. 12(b)(6).  BlackBerry therefore respectfully requests that the Court grant this motion and dismiss the Amended Complaint in its entirety.

Dated: January 13, 2021                    Respectfully submitted,

                                           */s/ Kurt Pankratz*
                                           _____
                                           Kurt M. Pankratz
                                           Texas Bar No. 24013291
                                           **BAKER BOTTS L.L.P.**
                                           2001 Ross Avenue, Suite 900
                                           Dallas, Texas 75201
                                           Telephone: (214) 953-6500
                                           Facsimile: (214) 953-6503
                                           kurt.pankratz@bakerbotts.com

                                           **ATTORNEYS FOR DEFENDANT
                                           BLACKBERRY CORPORATION**


## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2021, the foregoing was filed electronically in compliance with Local Rule CV-5(b)(1) and served via the Court's electronic filing system on all counsel who have consented to electronic service on January13, 2021.

                                           */s/ Kurt Pankratz*
                                           _____
                                           Kurt M. Pankratz